DARNEAL, *et al.*, Appellants, v. REEVES' EXEC'R, Respondent.

1. The probate court of Ray county has jurisdiction to entertain a motion for an order directing an executor to pay specific legacies. (Sess. Acts, 1853, p. 390.)

*Appeal from Lafayette Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Napton*, for appellants.

The probate court of Ray had jurisdiction to determine this motion. (R. C. 1845, tit. Administration, art. 6, secs. 1, 3; tit. Courts; Evain v. Henry, 5 Mo. 469.)

*Morrow* and *Ewing*, for respondent.

The motion to dismiss was properly sustained by the Circuit Court, because the probate court had no jurisdiction of the matter and proceedings of plaintiffs. The court had no power upon a mere *motion* to determine the rights of the parties to the property in controversy. If it had jurisdiction of the subject matter at all, it could only have been acquired and exercised upon a petition or bill alleging a cause of action, and by notice to the adverse party, as in a regular suit. The motion was filed and proceedings commenced at an adjourned term of the probate court, and without notice to defendant. The proceedings involved the question of the *right of property* in the notes and evidences of debt in controversy. The notes, &c., claimed were not described in the will, and the question of *ownership* could only have been determined by proper pleadings and issues, and not upon a mere motion. No title to the property could pass without the assent of the executor, even though it were described in the bequest in said will, and no assent of the executor to the claim of plaintiff was shown in said motion, and without such assent the probate court had no power to make the order prayed for in plaintiff's motion. (Toller's Exec'rs, 306; 2 Williams' Exec'rs, 981; 1 Carter, 570; 6 Pick. 125; Roper on Leg. 841.) The power to order the payment of legacies upon settlements of executors does not include the power to determine upon a motion whether the property claimed by a legatee is or is not a legacy; nor has the probate court the right to order payment of a legacy specifically described in the will without the executor's assent. (R. C. 1845, p. 100, secs. 1, 2, 3.) As to the jurisdiction of the probate court of Ray county and the mode of exercising it, see the act establishing probate court in Linn county. (Sess. Acts, 1853, p. 390.)

RYLAND, Judge, delivered the opinion of the court.

In 1853 the legislature of the state of Missouri created probate courts for the counties of Linn, Harrison, Ray, and

Wright, each. The act creating these courts was approved February 3d, 1853, and was to take effect and be in force from its passage. (Sess. Acts, 1853, p. 390.) By this act, the probate court has exclusive original jurisdiction in all cases relative to the probate of last wills and testaments; the granting letters testamentary and of administration, and of repealing and revoking the same; appointing and displacing guardians and curators of orphans, minors and persons of unsound mind; in binding out apprentices, and in the settlements and allowance of accounts of executors, administrators, guardians and curators; to hear and determine all disputes and controversies whatsoever respecting wills, right of executorship, administrators and guardians; all controversies between masters and their apprentices; and to hear and decide all controversies about distribution of assets; to hear and determine all demands against executors, administrators, guardians and curators, *when the demand does not exceed two hundred dollars*. The probate court has concurrent jurisdiction with the Circuit Court in all demands at law against estates when the demands exceed in amount two hundred dollars. The act declares that the probate judge shall have concurrent jurisdiction *in equity* with the Circuit Court in all matters and controversies properly cognizable in courts of equity in this state, according to the rules of practice which govern courts of chancery, as are prescribed by law, and in which executors, administrators, guardians and curators are necessarily parties complainant or defendant; provided that said judge of probate shall not have jurisdiction, in any case whatever, to entertain or decide upon any controversy in which may be involved the title to land or other real estate, or the right of possession to the same or any interest therein, or right in any way arising therefrom, or any proceeding to effect a partition of land, tenements or assignments of dowers therein; and for such services shall be allowed the same fees that are allowed to the clerks of the circuit courts in chancery cases. (See art. 4, sec. 4 of said act.) In all cases before the judge of probate, either party

may require a jury to try the same. The probate judge is required to conform to and be governed by the rules of practice prevailing in the circuit courts of this state. The probate court is declared to be a court of record. The probate judge has power to issue all original process which may be necessary and proper in any matter or subject over which he may have jurisdiction; and all process necessary to enforce the orders of judgments of the said court.

Such was the law governing the probate court of Ray county, and such the power and jurisdiction of this court, when the petitioners, Jacob Darneal, Winnifred Darneal, and Joseph S. Hughes, trustees, filed their motion in the probate court of Ray to procure an order of the court for the payment of certain specific legacies bequeathed by Thomas Reeves in his last will and testament to Winnifred Reeves, now Winnifred Darneal. Columbus Reeves, the executor of Thomas Reeves, deceased, appeared in the court and moved to dismiss the motion of the Darneals and Hughes, because "the probate court has no jurisdiction in the premises; it has no jurisdiction of the subject matter of said motion and proceedings, nor of the person of said defendant therein; and has no power or right whatever to take cognizance of or hear and determine the same." Many causes are set forth by the executor against the allowance of the plaintiff's motion; but the principal reasons are want of jurisdiction in probate court to make the order prayed for. The court, however, made the order directing the executor to pay over the specific legacies mentioned in the will of Joseph S. Hughes, trustee for Winnifred Darneal, late Winnifred Reeves. The executor prayed for and obtained an appeal from the order, requiring him to pay over to Mrs. Darneal's trustee the specific legacies, to the Circuit Court of Ray county. On the petition of the defendant the venue in this case was changed from Ray Circuit Court to the Circuit Court of Lafayette county; and at the November term of the Circuit Court of Lafayette county, in the year 1856, the court dismissed the motion and proceedings originally commenced in the probate court of

Ray county, because said probate court had no jurisdiction of the subject matter. The plaintiffs excepted to this ruling of the Lafayette Circuit Court, and prayed for an appeal, which was granted them, and they bring the case here by appeal.

The only point in this case is in regard to the jurisdiction of the probate court of Ray county. From the act establishing the probate court, we can not see how this question ever could be seriously raised. There is, it seems .to us, no ground to doubt the jurisdiction of the probate court of Ray county over the subject matter of the plaintiff's motion. This probate court is expressly authorized and empowered to take cognizance of cases like the plaintiff's. It has concurrent jurisdiction, both as a court of law and equity, with the Circuit Court over all matters and subjects in which executors, administrators, guardians and curators are necessarily parties, either as complainants or defendants, except cases involving matters relating to the realty. The jurisdiction over the subject matter in this case—legacies of promissory notes, personalty only—can not be doubted ; and it was error in the Circuit Court to dismiss this proceeding. If the legacy be so uncertain as that it can not be enforced, still that does not take away the jurisdiction of the probate court over the subject. Here, in the case before us, nothing is decided but that the motion made by the plaintiffs in the probate court must be dismissed because that court had no jurisdiction. This, we say, was against the law ; it was error for the Circuit Court of Lafayette to order the motion to be dismissed. It was the duty of said court to have proceeded and have settled the matter in controversy between these parties, and not to have dismissed the motion. Whenever it appears upon settlement made by the executor that there is sufficient money to satisfy all demands against an estate, there is nothing to hinder the probate court to make an order on the executor to pay over legacies, taking care to have specific legacies first paid.

We would not be understood as deciding any thing in re-

lation to the bequest of the testator to his wife Winnifred under the will in this suit. All that we decide has reference alone to the jurisdiction of the probate court over the subject matter of the plaintiff's motion. The judgment is reversed and the cause remanded for further proceedings; Judge Scott concurring.